

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 6, 1939

Mr. L. L. Roberts
County Auditor
Stinnett, Texas

Dear Mr. Roberts:

Opinion No. O-29
Re: Office expense of Tax
Assessor-Collector and
Deputies.

Your request for an opinion on the question,
"Would the tax assessor-collector or his deputies be al-
lowed to charge for the use of their car or cars other
than gasoline and oil?", has been received by this office.

Texas Jurisprudence, Vol. 34, page 544, Section
121, provides:

"An officer is not entitled to
credit for the expense of hiring or
operating automobiles used by him
in performing the duties of his of-
fice unless the statute so provides.

"The officer is entitled to cred-
it for actual and necessary expense
incurred in the conduct of his office.
The clause of the necessary expense
means other expense similar to those
expressly specified."

The above authority citing the cases, Hammond vs. Harris
County, 243 S.W. 1002; Cameron County vs. Fox, 42 S.W.
(2d) 653.

Article 3899 of the Revised Civil Statutes of
Texas, 1925, as amended, does not provide for such ex-
pense for the use of automobiles for the tax assessor-
collector and his deputies.

In the absence of a statutory provision for
such expense the same would not be claimed as expenses

of office.

Trusting that the above answers your inquiry, I remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ARDELL WILLIAMS (Signed)
                    Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS

WM.J.F.